**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**MARK S. SMITH** **PLAINTIFF**

**v.** **Civil No. 1:25-CV-189-HSO-BWR**

**MARK DUNNING INDUSTRIES, INC.** **DEFENDANT**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MARK DUNNING INDUSTRIES, INC.'S PARTIAL MOTION [5] TO DISMISS AND TO STRIKE**

In this employment dispute, Defendant Mark Dunning Industries, Inc., seeks to dismiss five of Plaintiff Mark S. Smith's claims, specifically those arising under the Family and Medical Leave Act (Counts I and II), the Americans with Disabilities Act (Counts IV and V), and the Age Discrimination in Employment Act (Count IX). *See* Mot. [5]; Compl. [1]. Defendant also seeks to strike Plaintiff's request for punitive damages. *See* Mot. [5]. Because Counts I and II of the Complaint [1] are time-barred, they should be dismissed with prejudice. Counts IV, V, and IX should be dismissed with prejudice because Plaintiff has not stated a claim under Federal Rule of Civil Procedure 12(b)(6). Finally, Defendant's Motion [5] should be denied as moot insofar as it seeks to strike Plaintiff's request for punitive damages under the ADEA because Plaintiff does not seek punitive damages for this claim.

## I. BACKGROUND

Plaintiff Mark S. Smith ("Plaintiff") was employed as a commercial truck driver for Defendant Mark Dunning Industries, Inc. ("Defendant") from January 2019 until April 18, 2022. Compl. [1] at 2. Plaintiff states that in October 2021, while employed by Defendant, he was diagnosed with cancer, a health condition constituting a disability under the Americans with Disabilities Act of 1990, as Amended ("ADA"), 42 U.S.C. § 12112, *et seq.*, and a serious condition under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Compl. [1] at 2-3. Plaintiff allegedly informed Defendant of his diagnosis in October 2021, and told Defendant that he would require medical treatment, including surgery, which was scheduled for February 1, 2022. *Id.* at 3. Defendant granted Plaintiff a leave of absence from January 31, 2022, until March 9, 2022. *Id.* Plaintiff claims that Defendant failed to designate his leave of absence as FMLA leave and did not provide him with the required FMLA notices. *Id.*

According to the Complaint [1], following his surgery in February 2022, Plaintiff returned to work on March 7, 2022, "without restrictions" and without requesting accommodations. *Id.* at 5. But he claims that approximately five weeks later, in April 2022, Brad Dunning ("Dunning"), Vice President and COO of Dunning Industries, informed him that he would be laid off because Dunning "did not believe Plaintiff could keep up his productivity and feared Plaintiff would relapse." *Id.* at 4 (cleaned up). Plaintiff was terminated from his position on April 18, 2022, in what Defendant called a "reduction in force." *Id.*

Plaintiff alleges that the timing of his termination and Dunning's statements constitute interference and retaliation in violation of 29 U.S.C. § 2615(a)(1) and (2). *Id.* Plaintiff also claims that even though he "returned to work without restrictions and did not request any accommodations," *id.* at 5, Defendant failed to "engage in the interactive process" regarding "any potential accommodations," and "terminated his employment based on disability and in retaliation for taking medical leave," *id.*, amounting to a willful violation of the ADA. Plaintiff also says that his termination violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, because he was over the age of forty at the time, and he was "the only employee subjected to" the "reduction in force" while "younger employees with less seniority were retained." Compl. [1] at 5. Specifically, there "were three drivers in Plaintiff's same position, and between the remaining drivers after one was retained for productivity, Joshua Bigelow was retained over Plaintiff based on tenure, despite Plaintiff's longer service and satisfactory performance." *Id.* at 5-6.

The Complaint [1] advances claims for FMLA interference in violation of 29 U.S.C. § 2615(a)(1) (Count I); FMLA retaliation in violation of 29 U.S.C. § 2615(a)(2) (Count II); ADA discrimination in violation of 42 U.S.C. § 12112(a) (Count III); ADA failure-to-accommodate in violation of 42 U.S.C. § 12112(b)(5)(A) (Count IV); ADA retaliation in violation of 42 U.S.C. § 12203 (Count V); ADA discrimination—regarded as disabled—in violation of 42 U.S.C. § 12112(a) (Count VI); ADA discrimination—record of disability—in violation of 42 U.S.C. § 12112(a) (Count

VII); ADEA discrimination in violation of 29 U.S.C. § 623(a) (Count VIII); and ADEA retaliation in violation of 29 U.S.C. § 623(d) (Count IX).

Defendant now seeks dismissal of Counts I and II as time-barred, and Counts IV, V, and IX for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant also seeks to strike what it claims is Plaintiff's request for punitive damages under the ADEA.

## II. DISCUSSION

### A. Motion to Dismiss

A defendant may move to dismiss a complaint because it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quotation omitted)); *see also Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016). A claim must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the claimant, *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted), but a claimant must plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

1. Whether Plaintiff's FMLA Claims are Time-Barred (Counts I and II)

FMLA claims are governed by a two-year statute of limitations unless the cause of action alleges a willful violation, in which case the statute of limitations is three years. *See* 29 U.S.C. § 2617(c)(1)-(2). Defendant argues that even applying the three-year statute of limitations because Plaintiff alleges willfulness, based on an alleged termination date of April 18, 2022, the limitations period expired on April 18, 2025. *See* Mem. [6] at 3-4. Plaintiff does not dispute that he filed his Complaint [1] on June 16, 2025, more than three years after he was terminated. Instead, he argues that equitable tolling of the statute should apply for two reasons: (1) "because Defendant's own conduct in failing to provide [Plaintiff] with the required FMLA notice prevented him from knowing he had an FMLA claim," Mem. [11] at 4, 5; and (2) because "Plaintiff employee's lack of sophistication with respect to the legalities of a potential claim prevented him from understanding the procedures for asserting it," *id.* at 4. Neither of these grounds present a justifiable basis for tolling the limitations period.

"[E]quitable tolling applies only in 'rare and exceptional circumstances.'" *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2020) (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citations and quotation marks omitted), and "requires reasonable diligence . . . and an extraordinary circumstance that derives from some external obstacle to timely filing . . . beyond the plaintiff's control, not

self-inflicted delay," *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017) (per curiam) (cleaned up). Courts have "typically extended equitable tolling where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (citation and internal quotation marks omitted); *see also Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 209 (5th Cir. 2015) (identifying three grounds for equitable tolling). The burden rests with the plaintiff to establish grounds for equitable tolling. *See Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam).

Plaintiff first asserts that Defendant's failure to designate his medical leave as FMLA leave "prevented him from knowing that he had a valid FMLA claim." Mem. [11] at 5. Defendant contends that Plaintiff has not adequately alleged that Defendant actively misled him. *See* Reply [13] at 2. While Plaintiff claims Defendant's failure to designate his leave as FMLA leave "prevented" him from knowing he had a claim, *see* Mem. [11] at 5, one conclusory statement does not indicate that Plaintiff was tricked or actively misled, *see Mark v. Spears*, No. 22-40104, 2023 WL 5316554, at *3 (5th Cir. Aug. 17, 2023) (per curiam) ("[Appellant's] general allegations that Appellees misled him, standing alone, are insufficient to support equitable tolling."). Based on this record, this situation is not one of the "rare and exceptional circumstances" where equitable tolling would apply. *Harris*, 628 F.3d at 239 (citation omitted).

Second, a plaintiff's lack of sophistication and ignorance of the law are generally not adequate grounds to warrant equitable tolling. *See Teemac*, 298 F.3d at 457 ("[C]ourts in a long line of cases have held that employees' ignorance of the law . . . cannot justify tolling."). Plaintiff claims that the Fifth Circuit has allowed equitable tolling in the employment discrimination context based on employees' lack of sophistication, *see* Mem. [11] at 5 (citing *Rowe v. Sullivan*, 967 F.2d 186, 193 (5th Cir. 1992)), but the Fifth Circuit has subsequently explained that those statements were "dictum" and limited to Title VII claims, *see Teemac*, 298 F.3d at 457 ("In dictum, we have stated that equitable tolling may apply when an employee's 'lack of sophistication' prevents him from understanding title VII's procedures."). And Plaintiff's delay in bringing the claim here was self-inflicted. He admits that he "did not obtain counsel right away" and "sought to resolve his claim himself," by filing an equal Employment Opportunity Commission ("EEOC") complaint, *see* Mem. [11] at 5, but "[b]ecause a plaintiff need not first file a charge with the EEOC before bringing an FMLA claim, [a plaintiff's] EEOC filing [does] not toll the statute of limitations for his FMLA claim," *Johnson v. Lear Corp.*, No. 4:21-CV-00455-P, 2021 WL 4557467, at *3 (N.D. Tex. Sept. 17, 2021), *report and recommendation adopted*, No. 4:21-CV-00455-P, 2021 WL 4552251 (N.D. Tex. Oct. 5, 2021) (alterations in original) (citation omitted).

Because it is evident from the face of the Complaint [1] that Plaintiff's FMLA claims are time-barred and no ground for tolling applies, Counts I and II should be dismissed with prejudice. *See Jenkins v. Tahmahkera*, 151 F.4th 739, 747 (5th Cir.

2025) ("A complaint is subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fails to raise some basis for tolling.").

2. Whether Plaintiff has Sufficiently Alleged an ADA Failure-to-Accommodate Claim (Count IV)

To state a failure-to-accommodate claim under the statute, a plaintiff must allege facts sufficient to plausibly show: "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Neely v. PSEG Texas, Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013) (cleaned up). Importantly, "it is the employee's initial request for an accommodation which triggers the employer's obligation to participate in the interactive process of determining one. If the employee fails to request an accommodation, the employer cannot be held liable to provide one." *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996).

The Complaint [1] acknowledges that Plaintiff "returned to work without restrictions and *did not request any accommodations*." Compl. [1] at 5 (emphasis added). Plaintiff now argues that he did not have enough time to request accommodations. *See* Mem. [11] at 7. According to Plaintiff, while he was "initially able to [return to work] without restriction or further accommodation," if he "found that after a few weeks, he did need [an accommodation], he could and would have asked for one." *Id.* Plaintiff also suggests the initial disclosure of his diagnosis, which occurred before he took medical leave and received treatment, triggered the

"interactive process" which he "reasonably assumed would involve continuing dialog with the employer about any additional or future accommodations." *Id.* at 8.

To trigger ADA protections and the "good faith interactive process," a plaintiff must first request an accommodation. *See Taylor*, 93 F.3d at 165. But Plaintiff "did not request any accommodations" after returning to work. *See* Compl. [1] at 5. Nor does Plaintiff allege that his disability was open and obvious. *See Taylor*, 93 F.3d at 165. Instead, Plaintiff's theory is that Defendant failed to accommodate a yet-to-be-requested accommodation, the need for which *could have* arisen sometime in the undefined future. *See* Mem. [11] at 7. Defendant does not have a crystal ball and "[t]he ADA does not require clairvoyance." *Windham v. Harris Cnty, Texas*, 875 F.3d 229, 236-37 (5th Cir. 2017) (citation omitted). It was Plaintiff's burden to request an accommodation, and because the Complaint [1] does not allege that he requested an accommodation—and admits he did not—Count IV should be dismissed with prejudice. *See Torres v. Conterstone Fitness TX, LLC*, No. 5:22-CV-01190-DAE, 2023 WL 11844983, at *3 (W.D. Tex. May 9, 2023) (dismissing failure-to-accommodate claim when the plaintiff failed to allege that she requested an accommodation from her employer); *Manson v. Careington Int'l Corp.*, No. 4:20-CV-916-SDJ, 2021 WL 3912536, at *5 (E.D. Tex. Aug. 6, 2021), *report and recommendation adopted*, No. 4:20-CV-916-SDJ, 2021 WL 3884252 (E.D. Tex. Aug. 31, 2021) (granting Defendant's motion to dismiss on a failure-to-accommodate claim where "Plaintiff has not pleaded that she informed Defendant of the reasonable accommodations she would require because of her 'love/sex addiction.'").

3. Whether Plaintiff has Sufficiently Alleged an ADA Retaliation Claim (Count V)

A claim for a retaliation under the ADA requires a plaintiff to adequately allege: "(1) engagement in an activity protected by the ADA; (2) an adverse employment action; and (3) a causal connection between the protected act and the adverse action." *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 249 (5th Cir. 2025) (quoting *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999)). "An individual engages in a protected activity under the ADA when he 'opposes any act or practice made unlawful by the ADA.'" *Girasole v. Caliber Home Loans, Inc.*, No. 3:21-CV-01560, 2022 WL 3081576, at *2 (N.D. Tex. Aug. 3, 2022) (quoting *St. John v. Sirius Sols., LLLP*, 299 F. App'x 308, 309 (5th Cir. 2008)) (cleaned up).

The Complaint [1] asserts that "Defendant terminated [Plaintiff's] employment based on his disability and in retaliation for taking medical leave, violating the ADAAA." Compl. [1] at 5. Plaintiff claims he "engaged in protected activity under the ADAAA by notifying Defendant of his disability and taking medical leave for treatment." *Id.* at 7. Defendant contends that "merely disclosing a medical condition or taking leave is not an ADA-protected activity," Mem. [6] at 5, and again points out that Plaintiff admitted that he "did not make a request for accommodation," *id.*

Plaintiff's ADA retaliation claim should be dismissed because he has not adequately pled that he took part in a protected activity under the statute. Although requesting a reasonable accommodation can be an activity protected under the ADA, *see Tabotchnik v. Cont'l Airlines,* 262 F. App'x 674, 676 (5th Cir.

2008), mere disclosure of a medical condition to an employer is not. This is because engaging in a protected activity requires a plaintiff to oppose "any act or practice made unlawful by the ADA." *Sirius Sols., LLLP*, 299 F. App'x at 309. And here, Plaintiff simply alleges that he engaged in a protected activity "by notifying Defendant of his disability." Compl. [1] at 7. But this disclosure occurred *before* Plaintiff received treatment, not after he returned to work, and Plaintiff admits he never requested an accommodation. *See id.* at 5. Nor does Plaintiff allege that he opposed any practice made unlawful by the ADA or to whom or when any opposition was made.

Plaintiff has also not adequately alleged that he participated in a protected activity by taking FMLA leave. *See Murphy v. Gallery Model Homes, Inc.*, No. Civ. A. H-04-0621, 2005 WL 5394658, at *14 (S.D. Tex. Feb. 16, 2005) (finding that taking FMLA leave is not a protected activity under the ADA because "it does not serve as opposition of any kind as contemplated by the ADA retaliation provision.") (citation omitted); *Coleman v. Ark Contracting Servs., LLC*, No. 3:21-CV-2553-N, 2023 WL 159777, at *4 (N.D. Tex. Jan. 11, 2023) (granting 12(b)(6) motion and holding that the plaintiff did not allege a protected activity to support an ADA retaliation claim because "the disability discrimination statutes [the ADA and TCHRA] each have their own retaliation provisions to enforce the rights they guarantee . . . exercising rights under one does not constitute a protected activity under the other"). Because Plaintiff has not adequately alleged that he engaged in

a protected activity for purposes of the ADA, his retaliation claim should be dismissed.

4. Whether Plaintiff has Sufficiently Alleged an ADEA Retaliation Claim (Count IX)

To state a claim of retaliation under this statute, a plaintiff must adequately allege: "(1) that he engaged in a protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action." *Holtzclaw v. DSC Commc'ns Corp.*, 225 F.3d 254, 259 (5th Cir. 2001).

Plaintiff claims that he "engaged in protected activity by asserting his rights under employment laws and opposing discriminatory practices." Compl. [1] at 9. But the Complaint [1] is bereft of any factual allegations to support this conclusory statement. *See id.* There are no factual contentions that Plaintiff engaged in a statutorily protected activity under the ADEA, such as filing a complaint with the EEOC when he was an employee, or that he reported or assisted in an investigation under the ADEA. *See id.*; *see also* 29 U.S.C. § 623(d). Nor are there any facts detailing when or how he opposed Defendant's allegedly discriminatory practices, or what he opposed. *See* Compl. [1]. In light of these conclusory allegations and insufficient pleading of supporting facts, Plaintiff's ADEA retaliation claim should be dismissed with prejudice. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

B. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a district court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court has broad discretion in determining whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979); *Solis v. Bruister*, No. 4:10-CV-77-DPJ, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012).

Defendant seeks to strike Plaintiff's request for punitive damages under the ADEA because "[t]he ADEA does not authorize punitive damages." Mem. [6] at 6 (citing *Smith v. Berry Co.*, 165 F.3d 390, 395 (5th Cir. 1999)). Plaintiff points out that the Complaint [1] only seeks liquidated damages for his ADEA claim, *see* Mem. [11] at 10; Compl. [1] at 9, which are authorized under 29 U.S.C. § 626(b), *see* 29 U.S.C. § 626(b). Because Plaintiff only seeks liquidated damages and not punitive damages for this claim, Defendant's request should be denied as moot.

C. Leave to Amend

With respect to Plaintiff's retaliation claims (Counts V and IX), he argues that amendment, and not dismissal, is the proper course because "[u]nder Fifth Circuit precedent, the plaintiff is entitled to amend his Complaint to the extent necessary with respect to this allegation and allege his 'best case.'" Mem. [11] at 10 (citing *Adams v. Allstate Ins. Co.*, No. 3:24-CV-690-CWR, Doc. No. 25 (S.D. Miss. Feb. 7, 2025)). Plaintiff is incorrect in two respects.

First, Plaintiff's request is procedurally improper to the extent that he is making a motion to amend in his response. *See Williams v. BFI Waste Servs., LLC*,

No. 3:16-CV-75-DPJ-FKB, 2017 WL 1498230, *3 (S.D. Miss. Apr. 24, 2017) (stating "a motion cannot be asserted in the body of a response"); L.U. Civ. R. 7(b)(3)(C).

Second, Plaintiff misunderstands the standard for amendment. No Fifth Circuit case has ever held that a Plaintiff enjoys an unfettered entitlement to amend. In fact, the case relied on by Plaintiff cites an unpublished, non-precedential Fifth Circuit decision that affirmed the dismissal of a claim *without* leave to amend. *See McKeathen v. Stalder*, 212 F.3d 594, 594 (5th Cir. 2000) (per curiam). In *McKeathen*, the Fifth Circuit concluded that the district court did not "err in not providing [Plaintiff] notice and an opportunity to amend prior to dismissing the claim: it may be surmised that [Plaintiff] alleges his best case in his 'Second Supplemental and Amended Complaint.'" *Id.* In other words, the district court did not err in denying leave to amend when it determined the plaintiff had already pled his best case. And to whatever extent Plaintiff had an "entitlement" to amend in this case, he forfeited it by sleeping on his rights. Under Rule 15(a)(1),

> A party may amend its pleading once as a matter of course no later than:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In *all* other cases, a party may amend its pleading *only with the opposing party's written consent or the court's leave*." Fed. R. Civ. P. 15(a)(2) (emphasis added). Plaintiff did not amend within 21 days of filing his Complaint [1], or within 21 days after Defendant filed its Motion [5] to Dismiss. Nor has he ever sought the Court's permission to amend or stated what facts he

could plead to cure the pleading defects, and he has not submitted a proposed amended pleading. This "'bare request in an opposition in [sic] a motion to dismiss' absent particular grounds is inadequate," because "[w]hen seeking leave to amend, the movant must set forth 'with particularity the grounds for the amendment and the relief sought.'" *Diagnostic Affiliates of Ne. Hou, LLC v. Aetna, Inc.*, 654 F. Supp. 3d 595, 611 (S.D. Tex. 2023) (quoting *United States ex rel. Willard v. Human Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)); *see also McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (concluding that a district court did not abuse its discretion in denying leave to amend where the plaintiff "failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and defendants to the substance of their proposed amendment"). At this point, if Plaintiff wishes to amend, he must obtain Defendant's written consent or file a motion with the Court.

## III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Mark Dunning Industries, Inc.'s Partial Motion [5] to Dismiss and to Strike is **GRANTED IN PART**, in that Counts I, II, IV, V, and IX of the Complaint [1] are **DISMISSED WITH PREJUDICE**. Counts III, VI, VII, and VIII will proceed.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant's Motion [5] is **DENIED IN PART**, in that Defendant's demand to strike Plaintiff's request for punitive damages is **DENIED** as moot.

**SO ORDERED AND ADJUDGED**, this the 9th day of January, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE